Case 4:15-cv-02308   Document 20   Filed in TXSD on 03/02/16   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
March 02, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HECTOR SANCHEZ,                §<br>    *Petitioner*,           §<br>                                §<br>v.                              §<br>                                §<br>WILLIAM STEPHENS,               §<br>Director, Texas Department of Criminal  §<br>Justice, Correctional Institutions Division,  §<br>    *Respondent*.          § | CIVIL ACTION NO. 4:15-CV-02308 |

### MEMORANDUM AND RECOMMENDATION

Petitioner Hector Sanchez, a Texas state inmate, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his murder conviction. Dkt. 1. The matter was referred to this magistrate for report and recommendation. Dkt. 6. Respondent filed a motion for summary judgment. Dkt. 15. After reviewing the record and the briefing, the Court recommends that the petition be denied.

### BACKGROUND

A jury found Sanchez guilty of murdering Donovan Dozier, and he is currently serving a 45-year sentence delivered by the 434th Judicial District Court of Fort Bend County, Texas, on March 27, 2012. Dkt. 1 at 2. Sanchez's conviction was affirmed on appeal. *See Sanchez v. State*, No. 01-12-00567-CR, 2014 WL 767722 (Tex. App.—Houston [1st Dist.] Feb. 25, 2014, pet. ref'd). The Texas Court of Criminal Appeals refused Sanchez's petition for discretionary review. *See* Dkt. 9-24. That court also denied Sanchez's state habeas application on July 15, 2015, without a written order based on the findings of the trial court without a hearing. Dkt. 9-33. Sanchez then filed this petition on August 11, 2015.

### ANALYSIS

Sanchez's petition is subject to review under the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254. Section 2254 sets forth a "'highly deferential standard for evaluating state-court rulings,' which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997)). A petitioner cannot obtain federal habeas corpus relief with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim resulted in:

> (1) a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or
>
> (2) a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

Bearing in mind that Sanchez proceeds *pro se*, the Court understands Sanchez to challenge his conviction on the following grounds: (1) the court of appeals, in affirming the conviction, erroneously presumed that Sanchez was guilty; (2) insufficient evidence to support a murder conviction; (3) ineffective assistance of counsel; (4) error in the indictment; and (5) failure to disclose exculpatory evidence. The Court addresses each of these claims below.

i. **Erroneous presumption of guilt**

In Ground One of the petition, Sanchez challenges "[w]hether the court of appeals should be permitted to shift the burden to the defendant, and presume guilt, despite the constitutional presumption of innocence, when [the] victim was allegedly shot at close range." Dkt. 1 at 6. In his supporting memorandum, Sanchez argues, "The Court of Appeals' opinion held that because Petitioner allegedly shot Dozier at close range, his intent to kill could be presumed." *Id.* at 13.

Sanchez claims that the court of appeals cited *Sholars v. State*, 312 S.W.3d 694, 703 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd), for this proposition. *Id.*

Sanchez misinterprets that court's opinion. The court cited *Sholars* in setting forth the rule that a jury may *infer* intent to kill from circumstantial evidence that tends to prove the existence of such intent, such as the use of a deadly weapon, the conduct of the actors involved, and any words that were exchanged. *See Sanchez*, 2014 WL 767722, at *2. Inferring intent is not the same as presuming intent. The *Sanchez* court assessed the evidence presented to the jury and concluded that a rational jury could have found that Sanchez acted with intent to kill. This Court rejects Sanchez's argument that the court of appeals erred in its application of the law.

    ii.    **Insufficient evidence**

In Grounds One, Two, and Five, Sanchez claims that there was insufficient evidence to support his conviction. Specifically, Sanchez argues that Dozier had earlier threatened Sanchez's wife and children at a Taco Bell, Dkt. 1 at 6, and "there is no evidence [Sanchez] intentionally or knowingly shot Dozier," *id.* at 21.

As the court of appeals discussed in detail, however, Sanchez's brother, Alex Medina, testified that Sanchez shot Dozier in the face at a distance of four to five feet. *Sanchez*, 2014 WL 767722, at *2–3; Dkt. 9-4 at 90. Dozier's friend, Sedarian Harris, testified that he was pleading with Sanchez while Sanchez pulled Dozier from Harris's vehicle, waited for Dozier to balance himself, then shot Dozier in the head from close range. Dkt. 9-3 at 119–24. Sanchez admitted that he had armed himself and pointed his gun at Dozier, but testified that he shot Dozier because he believed Dozier was reaching for a gun in the car. Dkt. 9-5 at 163–72. Just as he did on appeal, Sanchez argues here that Harris's testimony was not credible because Harris was using drugs and was at the scene to rob Sanchez. Dkt. 1 at 21.

The court of appeals held that a rational jury could have found Sanchez guilty even in the face of these asserted deficiencies in Harris's testimony. *Sanchez*, 2014 WL 767722, at *3. This Court agrees. In reviewing a habeas petition, "[a] federal court may not substitute its own judgment regarding the credibility of witnesses for that of the state courts." *Marler v. Blackburn*, 777 F.2d 1007, 1012 (5th Cir. 1985). Sanchez testified at trial, presenting his version of the facts and claiming that both Harris and Medina were lying about what they saw. *See* Dkt. 9-5 at 191. The jury chose to reconcile the conflicting evidence by finding Sanchez guilty, and this decision was properly reviewed by the state appellate court. Sanchez's insufficient evidence challenges must be rejected.

### iii.    Ineffective assistance of counsel

In Ground Three, Sanchez contends that he was denied effective assistance of counsel because trial counsel failed to present expert analysis of the fingernail scraping and gunshot residue evidence taken from Dozier's body and did not object to the State's failure to conduct such testing. Dkt. 1 at 15–18. Sanchez argues that this evidence might have proven to the jury that he shot Dozier in self-defense. *Id.* at 18.

To prevail on an ineffective assistance of counsel claim, the petitioner must prove: (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Judicial scrutiny of counsel's performance must be highly deferential," and the petitioner must overcome a strong presumption that counsel rendered effective assistance. *Id.* at 689–90.

If the barriers to relief presented by § 2254(d) and *Strickland* seem nearly insurmountable to a habeas petitioner, that is because they are. Section 2254(d) imposes an almost complete bar to federal re-litigation of claims already rejected in state proceedings. *See Harrington v. Richter*,

562 U.S. 86, 102 (2011). A federal court reviewing a state habeas court's *Strickland* determination must be "doubly" deferential, asking not whether counsel's performance was satisfactory, but rather "whether there is any *reasonable argument* that counsel satisfied *Strickland*'s deferential standard." *Id.* at 105 (emphasis added). "The *Strickland* standard is a general one, so the range of reasonable applications is substantial." *Id.*

If the petitioner makes an insufficient showing as to one prong of the *Strickland* test, the court's analysis should stop there. *See Strickland*, 466 U.S. at 697. The Court finds that Sanchez has failed to make a sufficient showing of prejudice under *Strickland*. Sanchez claims that counsel should have presented evidence at trial that gunshot residue found on Dozier's hands indicated that Dozier was struggling with Sanchez for control of his gun. Dkt. 1 at 17–18. This evidence, Sanchez claims, "might have offered difinitive [*sic*] proof" that he shot Dozier in self-defense. *Id.* at 18. Per a post-conviction order obtained by his former counsel, however, a gunshot residue test was performed on Dozier's body. *See* Dkt. 9-34 at 122–28. Contrary to Sanchez's assertions, no gunshot residue was discovered. *Id.* at 125. The state trial court's findings of fact, upon which the denial of Sanchez's state habeas application was based, highlighted these negative test results in finding that Sanchez's habeas application was not credible. Dkt. 9-34 at 131–32.

Sanchez presents no evidence to support his assertion that the outcome of his trial would have been different had counsel investigated and presented the results of gunshot residue and fingernail scraping tests. In fact, throughout the trial, Sanchez never testified that Dozier attempted to disarm him by grabbing his gun. Instead, Sanchez claimed that he shot Dozier while Dozier was attempting to arm himself with his own gun. Dkt. 9-5 at 170–73. On cross-examination, Sanchez testified that he shot Dozier from three feet away, providing evidence to

support a finding that Sanchez did not accidentally pull the trigger in the midst of a struggle for the gun. Dkt. 9-5 at 174. Ballistics testing, too, would not have affected the outcome of the trial because the identities of the shooter and the gun were not at issue. Sanchez testified that he shot Dozier with a nine-millimeter semi-automatic handgun and later tossed the gun in a trash can. *See* Dkt. 9-5 at 163, 177. Sanchez makes nothing but unsupported assertions that he was prejudiced by counsel's failure to present exculpatory lab results. Therefore, his ineffective assistance of counsel claim must fail.

    **iv.**    **Duplicative indictment and failure to disclose**

In Grounds Four and Six, Sanchez claims that: (1) his conviction was based on an erroneous indictment setting forth two theories of murder, and (2) the State failed to disclose exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to timely disclose that the State had not conducted gunshot residue and fingernail scraping tests. Dkt. 1 at 7–8. Respondent argues that this Court is procedurally barred from reviewing either of these claims.

A federal court is procedurally barred from reviewing a habeas claim if the last state court to consider the claim clearly based its denial on "a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). In Texas, "the writ of habeas corpus should not be used to litigate matters which should have been raised on direct appeal." *Ex parte Goodman*, 816 S.W.2d 383, 385 (Tex. Crim. App. 1991). The Fifth Circuit has recognized that denial of a habeas application based on this state procedural rule generally bars federal review of the claims presented. *See Soria v. Johnson*, 207 F.3d 232, 249 (5th Cir. 2000).

Sanchez included Grounds Four and Six in his state habeas application. Dkt. 9-34 at 62–63, 65–66. The trial court, in its findings of fact adopted by the Texas Court of Criminal Appeals, found these claims to be "'record claims,' and as such, because they could have been (and in some cases were) raised on direct appeal, Applicant may not now raise them on collateral attack." Dkt. 9-34 at 132 (citing *Ex parte Cruzata*, 220 S.W.3d 518, 520 (Tex. Crim. App. 2007)). Sanchez raised his *Brady* claim on direct appeal, and the state appellate court held that because Sanchez "did not move for a continuance or otherwise raise the State's failure to disclose [the lack of gunshot residue and fingernail DNA testing] until his motion for new trial, Sanchez either waived any *Brady* error or failed to show that any such error prejudiced him." *Sanchez*, 2014 WL 767722, at *5. Sanchez also never objected to the language of the indictment during trial and did not challenge the indictment on direct appeal. *See* Dkt. 9-34 at 130. Both of these claims were found to be procedurally barred by the state habeas court as "record claims" to be raised on direct appeal. Dkt. 9-34 at 132. Thus, the challenges raised in Grounds Four and Six were denied based on adequate and independent state procedural grounds.

Where the petitioner defaults his federal claims pursuant to an adequate and independent state ground, the petitioner cannot obtain federal habeas review of those claims unless the petitioner demonstrates: (1) cause for the default and actual prejudice attributable to the default; or (2) that failure to consider the claims will result in a fundamental miscarriage of justice. *Styron v. Johnson*, 262 F.3d 438, 453–54 (5th Cir. 2001) (citing *Coleman*, 501 U.S. at 750). Sanchez demonstrates neither. As recognized by the court of appeals, Sanchez's trial counsel did not request a continuance upon discovering that the testing was not completed. *Sanchez*, 2014 WL 767722, at *4. Rather, counsel cross-examined the State's forensic pathologist about the lack of ballistics, gunshot residue, and fingernail DNA testing. *Id.*; Dkt. 9-3 at 244–46. This was

likely a reasonable trial strategy, particularly given the negative results of the post-conviction testing. Therefore, Sanchez offers no good explanation for his default. The Court additionally notes that multiple allegations made by Sanchez in Ground Four are patently incorrect. Contrary to Sanchez's assertions, the indictment does not charge Sanchez with using two types of weapons to murder Dozier, and there is no record of Sanchez challenging the language of the indictment on direct appeal. Thus, Sanchez fails to show cause and actual prejudice or that he is actually innocent such that denial of review would result in a fundamental miscarriage of justice.

## CONCLUSION

For these reasons, the Court recommends that Sanchez's petition be denied with prejudice. All remaining motions should be terminated as moot. The Court further finds that Sanchez has not made a substantial showing that he was denied a constitutional right or that it is debatable whether this Court is correct in its ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, the Court recommends that a certificate of appealability not issue.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. Failure to timely object will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72.

Signed at Houston, Texas, on March 2, 2016.

_____
Stephen Wm Smith
United States Magistrate Judge